**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 28, 2015

LETTER TO COUNSEL

RE: *Wendy McKiddy v. Commissioner, Social Security Administration*;
Civil No. SAG-14-2190

Dear Counsel:

On July 8, 2014, Plaintiff Wendy McKiddy petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Defendant's Supplemental Brief. (ECF Nos. 16, 18, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. McKiddy's motion, grant Defendant's motion, and affirm the judgment of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. McKiddy filed a claim for Disability Insurance Benefits ("DIB") on January 20, 2011. (Tr. 69, 135-36). She alleged a disability onset date of August 1, 2009. (Tr. 135). Her claim was denied initially. (Tr. 74-78). A hearing was held on October 10, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 31-56). Following the hearing, the ALJ determined that Ms. McKiddy was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-30). Upon review, the Appeals Council ("AC") issued an unfavorable decision on May 7, 2014, adopting the ALJ's opinion in several respects, but correcting a transcription error in the ALJ's RFC assessment. (Tr. 1-9). Accordingly, the AC's decision, and the ALJ's opinion as adopted therein, constitutes the final, reviewable decision of the Agency.

The AC adopted the ALJ's finding that Ms. McKiddy suffered from the severe impairments of history of brain aneurysm in 2006, organic mental disorder, and depression. (Tr. 5). Despite these impairments, the AC determined that Ms. McKiddy retained the residual functional capacity ("RFC") to perform work-related activities with the following limitations:

> the claimant should avoid concentrated exposure to fumes, dust, and gases, needs to avoid climbing stairs, ramps and ladders and scaffolds and working around unprotected heights and dangerous moving machinery. The claimant can occasionally perform tasks requiring depth perception. The claimant also has a

> moderate restriction (which is defined as more than a slight limitation, but the function can still be performed on a consistent enough basis to be satisfactory to an employer) in understanding, remembering and carrying out detailed instructions, interacting appropriately with supervisors and coworkers, and responding appropriately to changes and work pressures. The claimant also retains the mental capacity for unskilled tasks, which is work that requires little or no judgment to do simple duties, and that can be learned on the job in 30 days or less with little vocational preparation.

(Tr. 5-6). After considering the testimony of a vocational expert ("VE"), the AC determined that Ms. McKiddy could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 6).

As noted above, the AC's decision and the ALJ's opinion as adopted therein, constitutes the final decision of the Agency, subject to review by this Court. In its decision, the AC explicitly adopted: (1) the conclusion the ALJ reached at each step of the sequential evaluation (with the exception of the transcription error in the ALJ's RFC assessment that the AC corrected); (2) the ALJ's conclusions concerning Ms. McKiddy's limitations in the broad functional areas relevant to the paragraph B criteria in the mental listings; and (3) the ALJ's findings regarding Ms. McKiddy's credibility. (Tr. 4-5).

On appeal, Ms. McKiddy argues that ALJ erroneously assessed her RFC. Specifically, Ms. McKiddy argues that the RFC assessment is contradictory on its face and that the ALJ erroneously rejected the findings of the consultative examiner, Barry B. Hart, Ph.D. Before turning to Ms. McKiddy's arguments, however, this case warrants a discussion of the Fourth Circuit's recent decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work,[1] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). Even so, the Fourth Circuit noted that failure to include additional limitations might not constitute error when an ALJ offers an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC. *Id.* Under this framework, I find that the ALJ provided adequate explanation of how Ms. McKiddy's moderate restriction in understanding, remembering, and carrying out detailed instructions and her limitation to

---

[1] The hypothetical that the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

*Wendy McKiddy v. Commissioner, Social Security Administration*
Civil No. SAG-14-2190
August 28, 2015
Page 3

unskilled work address her moderate limitation in concentration, persistence, and pace without additional mental limitations.

Throughout the record, Ms. McKiddy's primary complaints of mental limitations involved issues with her ability to remember. This was addressed consistently in the ALJ's decision and adopted by the AC. (Tr. 4, 20-24). At step three of the sequential evaluation, finding that Ms. McKiddy had a moderate limitation in concentration, persistence, or pace, the ALJ stated, "The claimant requires reminders to do things, is confused and/or overwhelmed at times by instructions and reports making lists." (Tr. 19). The ALJ also noted that Ms. McKiddy was able to perform activities of daily living such as tending to her personal care, attending appointments, and caring for her father, despite these difficulties. *Id.* In his discussion of the RFC assessment, the ALJ noted Ms. McKiddy's testimony that her most significant symptoms include difficulty sleeping and problems with remembering. (Tr. 23). Likewise, the ALJ referenced medical examinations in which Ms. McKiddy reported problems with memory as her chief symptom, as well as some indication that her short-term memory had improved in August of 2012. (Tr. 22).

In addition, the ALJ referenced Ms. McKiddy's ability to sustain activities for several hours. Specifically, Ms. McKiddy reported that she helps care for her father for several hours per day and helps him with chores. (Tr. 22). She also testified that she is able to go grocery shopping, despite needing some reminders and a shopping list, and that she goes to church regularly. (Tr. 23). Ms. McKiddy did not indicate needing to take any breaks while performing these tasks or having difficulty in sustaining these activities. Thus, there is no indication that Ms. McKiddy has difficulty sustaining mental activities. This is further supported by the ALJ's observation that Ms. McKiddy did not have difficulty testifying and was able to provide a detailed history of her symptoms, both written and oral, despite her memory issues.[2] Accordingly, I find that the moderate restriction in understanding, remembering, and carrying out detailed instructions, as opposed to simple instructions, and the limitation to unskilled work adequately address Ms. McKiddy's mental limitations which primarily involved her ability to remember. Thus, I find that the lack of additional mental limitations in the RFC assessment does not warrant remand.

Also pertinent to this case, the Fourth Circuit remanded *Mascio* because the ALJ erred by determining the claimant's RFC before assessing her credibility. 780 F.3d at 639. Specifically, the Court took issue with boilerplate language stating that the "limiting effects of [the claimant's] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* Even so, the *Mascio* Court noted that the error would be harmless if the ALJ properly analyzed the claimant's credibility elsewhere. *Id.* The same boilerplate language appears in the ALJ's discussion of Ms. McKiddy's RFC assessment (Tr. 21), however,

---

[2] Arguably, the ALJ's use of the functional area of "concentration, persistence, or pace" to address intellectual limitations is misplaced. Intellectual limitations do not fall neatly into any of the relevant categories of the paragraph B criteria in the listings for mental impairments, *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00 *et. seq.*, and it is therefore not uncommon for an ALJ to consider such limitations within a category where they may not truly belong. Regardless, because it is readily apparent from the opinion what the ALJ intended by finding a moderate limitation in concentration, persistence, or pace, remand is not necessary.

the ALJ provided a detailed analysis of Ms. McKiddy's medical history and highlighted inconsistencies between her allegations and objective medical findings. (Tr. 20-24). Thus, I find that the ALJ properly assessed Ms. McKiddy's credibility.

Turning to Ms. McKiddy's arguments, her claim that the RFC assessment is contradictory on its face is not supported by the record. Ms. McKiddy states that, "[t]he Appeals Council has failed to explain how the Plaintiff's impairments can both significantly limit her abilities to perform basic work activities, yet be satisfactory, particularly given that the definition of basic work activities includes understanding, remembering, and carrying out simple instructions." Pl. Mot. 7. The AC did not find that Ms. McKiddy's impairments have significantly limited her abilities to perform basic work activities. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs," including: "understanding, carrying out, and remembering *simple* instructions." 20 C.F.R. § 404.1521(b) (emphasis added). The AC found that Ms. McKiddy had a moderate restriction "in understanding, remembering, and carrying out *detailed* instructions." (Tr. 6) (emphasis added). Basic work activities do not include abilities and aptitudes in relation to detailed instructions. Thus, the AC permissibly found that while Ms. McKiddy has moderate restrictions regarding detailed instructions, those difficulties do not impact her ability to complete basic work activities.

Finally, Ms. McKiddy argues that the ALJ, and the AC in adopting his findings, erroneously rejected the findings of consultative examiner, Barry B. Hart, Ph.D. Ms. McKiddy states that the ALJ overlooked the fact that Dr. Hart's opinions were based on objective test results and that the ALJ found Dr. Hart's opinions to be overstated without providing explanation or reference to treatment notes. Pl. Mem. 8. With respect to these arguments, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Ms. McKiddy's contention that the ALJ overlooked Dr. Hart's objective testing asks this Court to reweigh evidence based on the fact that it is objective rather than subjective. Though I cannot review the evidence in this way, I find that the ALJ supplied substantial evidence in giving little weight to Dr. Hart's opinion. The ALJ provided a thorough review of the medical evidence elsewhere in the decision, and also noted that the record failed to establish a significant cognitive decline consistent with Dr. Hart's findings of Ms. McKiddy's IQ scores. Thus, I find no error in the ALJ assigning little weight to Dr. Hart's opinion as the assignment is supported by substantial evidence.

For the reasons set forth herein, Ms. McKiddy's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Wendy McKiddy v. Commissioner, Social Security Administration*
Civil No. SAG-14-2190
August 28, 2015
Page 5

                        Sincerely yours,

                               /s/

                        Stephanie A. Gallagher
                        United States Magistrate Judge